**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANA ASLANIDOW,** | : | **NO.  17-2254** |
| *Defendant*. | : | |

## ORDER

**AND NOW**, this 25th day of July, 2018, upon consideration of Plaintiffs' Motion for Default Judgment (Doc. No. 6) and Defendants' failure to respond, it is hereby **ORDERED** that the Plaintiffs' Motion (Doc. No. 6) is **GRANTED** as follows:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

B.     All Defendants were properly made a party to this action by effective service of the complaint and summons pursuant to Fed. R. Civ. P. 4.  (*See* Affidavit of Service, Doc. No. 4).

C.     There is a sufficient basis in the pleadings for a judgment to be entered, because in its Complaint, Plaintiff's alleged facts are sufficient to establish that Defendant defaulted on a loan from the U.S. Department of Education.  *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *2 (D.N.J. June 14, 2010) (recognizing that "the Court must determine whether a sufficient cause of action was stated" before entering default judgment); *see also Thomson v. Wooster*, 114 U.S. 104, 113 (1885).  The Clerk of the Court entered default on October 25, 2017.  Because default was entered, the Court accepts as true the well-pleaded factual allegations of the Plaintiffs' Complaint and treats those allegations as though they were

established by proof, except those relating to damages.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

       1.     Given the well-pleaded allegations of the Complaint and the attachments thereto, there is sufficient basis to establish Plaintiff's claim that Defendant defaulted on a loan from the U.S. Department of Education.

       Plaintiff alleges that, on January 25, 2010, Defendant executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education.  *See* Compl. Ex. A.  Defendant defaulted on the loan on October 16, 2011.  *See* Compl. Ex. A. According to the complaint, Defendant is indebted to Plaintiff in principal amount of $4,863.71, plus interest of $468.43, for a total of $5,332.14.  *See* Compl. ¶¶ 3–4.

       D.     The Court must consider three factors before entering default judgment "(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct." *See Eastern Electric Corp. of New Jersey v. Shoemaker Construction Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (citing *Spurio v. Choice Security Systems, Inc.*, 880 F.Supp. 402 (E.D. Pa. 1995)).  In this matter, the Court concludes that the three factors weigh in favor of granting default judgment.

       1.     Plaintiff will be prejudiced by the denial of default judgment, as Defendant defaulted on her loan almost seven years ago.

       2.     Because Defendant has failed to appear in this matter whatsoever, she has not asserted any defenses, much less a meritorious defense, that would completely bar

Plaintiff's claim.  Accordingly, the Court considers that Defendant's lack of meritorious defense weighs in favor of granting default judgment.

       3.      Failure to respond to an adversary's claims "qualifies as culpable conduct with respect to the entry of default judgment." *Eastern Electric Corp.*, 657 F. Supp. 2d at 554.  The Court concludes that the default in this matter resulted from Defendant's failure to appear and engage in the litigation process, which constitutes culpable conduct.

       E.      The Clerk of Court shall enter judgment in favor of Plaintiff, United States of America, on behalf of its Agency, the Department of Education, and against Defendant, Ana Aslanidow, in the amount of $5,422.23. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE